IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WILSON DENT, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-13-0078 |
| vs. | : |
| | : (Judge Caldwell) |
| MARVIN J. FRITTS, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

On January 8, 2013, Robert Wilson Dent, an inmate at the Mahanoy State Correctional Institution (SCI-Mahanoy), in Frackville, Pennsylvania, filed this *pro se* civil rights action alleging that in 2009 he was subjected to an illegal search and arrest by Marvin Fritts, a Lock Haven police officer. He also claims he was denied copies of the criminal complaints, probable cause affidavits, search warrants, and arrest warrants for two criminal prosecutions against him. He names Officer Fritts, Clinton County District Attorney Michael Salisbury, and Assistant District Attorney Rexroth as defendants.

We are considering Plaintiff's motion for appointment of counsel based on his indigent status and lack of legal training. (Doc. 4).

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may

*request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of

the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Dent's motion for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155-56. Based on the court's review, Dent's Complaint is not viable. His claims are time-barred. Thus, it does not appear that appointment of counsel should be made at this time. This court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Dent's apparent ability to litigate this action, weigh against the appointment of counsel. If future proceedings demonstrate the need for counsel, the matter may be reconsidered upon a properly filed motion.

An appropriate order follows.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: June 11, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILSON DENT, :
 :
    Plaintiff :
 : CIVIL NO. 1:CV-13-0078
  vs. :
 : (Judge Caldwell)
MARVIN J. FRITTS, *et al.*, :
 :
    Defendants :

## *O R D E R*

AND NOW, this 11th day of June, 2013, it is ordered that Plaintiff's Motion (Doc. 4) for Appointment of Counsel (Doc. 4) is denied.

                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge