IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILSON DENT,

    Plaintiff

    vs.

MARVIN J. FRITTS, *et al.*,

    Defendants

CIVIL NO. 1:CV-13-0078

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

On January 8, 2013, Robert Wilson Dent, an inmate at the Mahanoy State Correctional Institution, in Frackville, Pennsylvania, filed this *pro se* civil rights action alleging that in 2009 he was subjected to an illegal search and arrest by Marvin Fritts, a Lock Haven police officer. He also claims he was denied copies of the criminal complaints, probable cause affidavits, search warrants, and arrest warrants for two criminal prosecutions against him. He names Officer Fritts, Clinton County District Attorney Michael Salisbury, and Assistant District Attorney Rexroth as defendants. Dent does not seek damages, rather only injunctive relief, specifically, the "release [of] the affidavit of probable cause, and the search or arrest warrant" lodged against him in 2009. (*Id.*)

Plaintiff has filed an application to proceed *in forma pauperis*. We will grant that request. And because he is proceeding *in forma pauperis*, we will examine the complaint under 28 U.S.C. § 1915(e)(2)(B) for legal sufficiency before authorizing service on the defendants.

In screening the Complaint, we will dismiss the action as time-barred. However, Dent will be provided the opportunity to show why his Complaint is timely.

II. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), the court must review a complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, subsection (B)(i), fails to state a claim on which relief may be granted, subsection (B)(ii), or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(iii).

In applying subsection (B)(ii), the screening requirement for failure to state a claim, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). We may also rely on matters of public record. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964–65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.,* 127 S.Ct. at 1965 (quoted case omitted).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

II.  *Background*

On February 2, 2009, Officer Fritts of the Lock Haven Police Department arrested Dent and charged him with aggravated assault, among other offenses. (Doc. 1, Compl.; *see also Commonwealth v. Dent*, CP-18-CR-0000156-2009 (Clinton Cnty. Common Pleas Ct.)(docket)).[1] Dent alleges Officer Fritts entered his home on that date "without consent, without a search or arrest warrant, and absent exigent circumstances

---

[1] The court takes judicial notice of the docket in Dent's criminal case related to his February 2, 2009, arrest, which is available via Pennsylvania's Unified Judicial System Web Portal. *See* http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

such as the presen[ce] of an alleged victim or [a] crime." (Doc. 1, Compl. ¶ 1).

At his arraignment the same day, he was not provided with a copy of the criminal complaint against him, the "supporting affidavit," or the search or arrest warrant that led to his arrest. (*Id.* ¶ 2). When he attended his preliminary hearing on March 31, 2009, on another criminal charge, he was again not provided with copies of the criminal complaint against him, supporting affidavits, or the search or arrest warrant in that case. (*Id.*).[2]

In No. 156, Dent pled guilty to aggravated assault on June 6, 2009, and was sentenced to 78 months to 20 years' imprisonment. In No. 150, the charges were dismissed, with a notation in the docket that dismissal was based on the decision to pursue the aggravated assault case.

After he was sentenced in the aggravated assault case, Plaintiff did not file a direct appeal but did pursue his postconviction remedies under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Con. Stat. Ann. §§ 9541-9546. On November 12, 2009, he filed a PCRA petition. On May 27, 2010, the trial court denied relief. On February 10, 2012, the Pennsylvania Superior Court affirmed the lower court's decision and denied a application for reargument on April 19, 2012. *Commonwealth v. Dent*, 1042 MDA 2010 (Pa. Super. Ct.) On October 12, 2012, the Pennsylvania Supreme Court denied Plaintiff's petition for allowance of appeal. *Commonwealth v. Dent*, NO. 465 MAL 2012 (Pa. Supreme Ct.). On May 24, 2013, Plaintiff filed a petition for a writ of habeas corpus with

---

[2] The preliminary hearing dealt with Dent's arrest by Pine Creek Township Police Officer Winkleman for allegedly violating a Protection From Abuse Act Order. The court takes judicial notice of the docket in *Commonwealth v. Dent*, CP-18-000150-2009, also available through Pennsylvania's Unified Judicial System Web Portal.

the state trial court.

Dent claims "that by refusing to release the affidavit of probable cause, the search or arrest warrant for his case and appeal, the defendants" injured him in the following ways. First, they violated the Fourth Amendment by: (1) depriving him of his right to be secure in his house and person against an unreasonable search and seizure; and (2) depriving him of his right to a probable cause determination. Second, they violated the Due Process Clause of the Fourteenth Amendment by: (1) depriving him of the opportunity to conclusively show he was innocent of the crime for which he was incarcerated; and (2) depriving "him of his right to present evidence of innocence in the state court, federal court or before" the Pennsylvania Board of Probation and Parole, and thereby (in regard to the courts) effectively denying him access to the courts to obtain legal relief.[3] Third, they deprived him of the opportunity to apply for executive clemency. (Doc. 1, Compl., ECF pp. 2-3).

As noted above, Plaintiff seeks only injunctive relief, an order requiring "the defendants to release the affidavit of probable cause, and the search or arrest warrant to the plaintiff for his case and appeal." (*Id.*, ECF p. 4).

IV. *Discussion*

We may raise the statute of limitations sua sponte. *Kent v. Heridia*, 478 F. App'x 721, 723 (3d Cir. 2012)(nonprecedential)("Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e)

---

[3] Plaintiff also says this latter claim is also based on the Sixth Amendment right of confrontation, but we reject that argument.

-5-

where the defense is obvious from the complaint and no further development of the record is necessary.")

The statute of limitations for section 1983 claims arising in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The statute of limitations is borrowed from state law, but federal law governs when the cause of action accrues and hence when the statute begins to run. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094-95, 166 L.Ed.2d 973 (2007). As a general matter, a cause of action accrues when a plaintiff knew or should have known of the injury that forms the basis of his claims. *Kach, supra,* 589 F.3d at 634.

Dent avers that Officer Fritts violated his Fourth Amendment rights by entering his home and arresting him on February 2, 2009, on the aggravated assault offense without a search or arrest warrant and in the absence of exigent circumstances. He alleges he had his arraignment on that offense on the same day. On the offense involving the Protection From Abuse Act, he alleges he had his preliminary hearing on March 31, 2009. He claims that the failure to give him a copy of the criminal complaints, affidavits of probable cause, search warrants or arrest warrants in his two criminal prosecutions also violated the Fourth Amendment.

The Fourth Amendment claim is time-barred. The two-year statute of limitations would have begun running on February 2, 2009, or at the latest, on March 31, 2009, the dates on which Plaintiff was not provided with copies of the requested documents. The Complaint was filed on January 11, 2013, more than two years after these

dates.[4]

The due process claim is also time-barred. Plaintiff avers that his right to due process was violated because the failure to provide him with copies of the criminal complaints, probable cause affidavits, search warrants, and arrest warrants deprived him of the opportunity to conclusively show he was innocent and deprived him of his right to present evidence of innocence in state and federal proceedings.[5] Plaintiff would have known of his injury by the time of his guilty plea on June 6, 2009, or at the latest by May 27, 2010, when the trial court denied his PCRA petition. Both of these events occurred more than two years before he filed his Complaint. *See Ciria v. Rubino*, 394 F. App'x 400, 401-02 (3d Cir. 2010)(nonprecedential)(civil rights claim that the defendant police officers withheld exculpatory evidence during Plaintiff's murder trial was time-barred because Plaintiff knew of the alleged injury at the time of his trial).[6]

We will issue an order dismissing the Complaint as time-barred. However, because we have raised the statute of limitations sua sponte, we will give Plaintiff an opportunity to fie a brief in opposition to such dismissal providing reasons why the

---

[4] The same analysis would apply if we treated the Fourth Amendment claim as one for false arrest or false imprisonment. *See Wallace*, 549 U.S. at 397, 127 S.Ct. at 1100; *see also LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012)(nonprecedential).

[5] Plaintiff does not appear to have initiated any federal proceedings except the instant lawsuit. We take this as a reference to federal habeas proceedings Plaintiff intends to file.

[6] On the remaining claim, assuming there is a constitutional right involved, Plaintiff has failed to show that the mere fact that he does not have copies of the requested documents prevents him from applying for executive clemency.

Complaint is timely. The limitations period is sometimes tolled. *See Poole v. Marks*, 441 F. App'x 854, 857 (3d Cir. 2011)(nonprecedential).[7]

                                                   /s/ William W. Caldwell
                                                   William W. Caldwell
                                                   United States District Judge

Date: June 11, 2013

---

[7] There are other problems with the complaint. Plaintiff fails to plead facts with sufficient specificity. However, we need only address that issue if Plaintiff shows his case was timely.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILSON DENT,

    Plaintiff

vs.

MARVIN J. FRITTS, *et al.*,

    Defendants

CIVIL NO. 1:CV-13-0078

(Judge Caldwell)

## *O R D E R*

AND NOW, this 11th day of June, 2013, in accordance with the accompanying Memorandum, it is ordered that:

    1. Dent's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is granted.

    2. The complaint (Doc. 1) is dismissed as time-barred.

    3. Within twenty-one (21) days from the date of this order, Plaintiff may file a brief setting forth reasons why his complaint is timely.

    4. If Plaintiff fails to do so, this action will be dismissed.

                        /s/ William W. Caldwell
                          William W. Caldwell
                          United States District Judge